UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES CALLIHAN, *et al.*, : | |
| Plaintiffs, : | |
| v.    : | Civil Action No. 00-2988 (JR) |
| UNITED ASSOCIATION OF JOURNEYMEN : AND APPRENTICES OF THE PLUMBING : AND PIPE FITTING INDUSTRY, *et al.*, : | FILED<br>MAR 6 2002 |
| Defendants. : | |

## MEMORANDUM

Charles Callihan and Wilmer Thomas are members of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry who have sued their union and its president, Martin Maddaloni, claiming violations of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401-531. Plaintiffs have moved for partial summary judgment on their claim that a provision of the union's constitution violates their free speech rights under 29 U.S.C. § 411(a)(2). For the reasons detailed below, their motion will be granted.

### Background

Section 199 of the union's constitution provides, "Any member of the United Association found guilty of sending out circular letters of falsehood and misrepresentation shall be expelled, and the Local Union that permits such action shall also be expelled." In March 2000, the business manager of Mr.

Callihan's local union filed formal internal union charges against him under section 199.  The grievance asserted that Mr. Callihan had circulated a "Members for Union Democracy" flyer containing "falsehoods about the Local Union" and "inflam[m]atory statements ... used to insight [sic] the membership and cause disruption."  Although the charges were dropped a few months later, Mr. Callihan has filed an affidavit stating that he feels constrained in voicing opinions about United Association officials and fears he will be subject to section 199 charges in the future because he continues to publish materials that are highly critical of union leaders' performance.

Mr. Callihan and Mr. Thomas filed suit in December 2000 to challenge section 199 and to assert that the union had failed to comply with 29 U.S.C. § 415 by informing members of their rights under the Labor-Management Reporting and Disclosure Act. Defendants' first response was a motion to dismiss for lack of standing.  The argument was that the plaintiffs had not demonstrated that they suffered a concrete injury and that any such injury was caused by the United Association national organization, rather than by local officials.  The motion to dismiss was denied in May 2001, and the plaintiffs subsequently moved for partial summary judgment on their section 199 claim.[1]

---

[1] The 29 U.S.C. § 415 claim may now be moot; plaintiffs report that the union has taken steps to publicize LMRDA rights.

## Analysis

Plaintiffs bring a facial challenge to section 199 under the overbreadth doctrine, a principle developed in the context of First Amendment cases to invalidate laws that can be validly applied in some circumstances but are so broad that they inhibit the protected speech of other parties. American Library Ass'n v. Barr, 956 F.2d 1178, 1188, 1190 (D.C. Cir. 1992).[2] This case, however, involves union officials rather than government actors, and it invokes statutory rights established by the Labor-Management Reporting and Disclosure Act. That Act provides, in relevant part:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings:

---

[2] The defendants' attempt to revive the standing issue is not persuasive. Standing requirements are relaxed in facial challenges under the overbreadth doctrine. American Library Ass'n, 956 F.2d at 1188, 1190. Mr. Callihan's affidavit indicates that he intends to continue his criticism of union officials. Given that they have already brought charges against him once and that section 199 requires local unions to enforce its commands or face expulsion, there is a sufficiently objective and credible risk of prosecution. Mallick v. International Bhd. of Elec. Workers, 644 F.2d 228, 235-36 (3d Cir. 1981); see also DeCarlo v. Salamone, 977 F. Supp. 617, 623-24 (W.D.N.Y. 1997) (union member injured by prosecution even though no discipline imposed). Even if Mr. Callihan has not been chilled, he may vindicate the interests of union members who have. American Library Ass'n, 956 F.2d at 1193; United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1378-79 (D.C. Cir. 1984).

> <u>Provided</u>, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2). Subsection 411(b) provides that union constitutional provisions or bylaws that are inconsistent with § 411(a)(2) shall have no force or effect. Plaintiffs seek a declaration that section 199 of the union constitution is void and an injunction ordering the United Association to refrain from processing any section 199 charges (except to reverse any outstanding guilty verdicts), to remove the provision from all future printings of the union constitution, and to publish a prominent notice of the judgment in the United Association Journal.

### 1. Legality of section 199

Section 411(a)(2) is part of a "Bill of Rights" for union members, intended to promote and protect democratic governance of labor unions. <u>United Steelworkers of Am. v. Sadlowski</u>, 457 U.S. 102, 109-10 (1982). It incorporates "a principal First Amendment value -- the right to speak one's mind without fear of reprisal," although its scope is more limited than the First Amendment. Thus, union rules need not be "carefully" tailored to meet a "compelling" interest, but speech restrictions must be reasonably related to conducting meetings,

insuring the responsibility of members to unions as institutions, or preventing interference with unions' legal and contractual obligations. Id. at 111; Semancik v. United Mine Workers of Am. District 5, 466 F.2d 144, 152-53 (3d Cir. 1972).

In this case, the defendants argue that section 199 is "capable of lawful application" to speech interfering with the union's legal and contractual obligations (for instance a letter to employers falsely stating that the union planned an illegal strike) and violations of members' duties to the institution (for instance a letter to other union members falsely stating that they do not have to comply with lawful union rules).[3] Section 199 does not restrict itself to these two types of speech, however. Cf. Kofoed v. International Bhd. of Elec. Workers, Local 48, 237 F.3d 1001, 1003 (9th Cir. 2001). Instead, it provides for -- in fact, it requires -- expulsion for any "circular letters of falsehood and misrepresentation" sent to anyone, no matter what the subject or the circumstance.

A number of similarly vague and broad union rules have been held invalid as unreasonably restricting more speech than is necessary to accomplish the three legitimate union purposes recognized in § 411(a)(2). E.g., Semancik, 466 F.2d at 147, 153-

---

[3] Defendants argue that they are entitled to deference in interpreting and applying their own constitution, yet they merely assert that section 199 could be applied lawfully without explaining how they interpret it or have interpreted it.

54 (provision barring "dishonest or questionable practices to secure the election or defeat of any candidate for district office"); Ruocchio v. United Transp. Union, Local 60, Civ. No. 97-5732 (D.N.J. Nov. 3, 2000) (provision barring members from "willfully circulariz[ing] untrue statements"); Nelson v. International Ass'n of Bridge, Structural, & Ornamental Iron Workers, 680 F. Supp. 16, 18, 25 (D.D.C. 1988) (provision barring communication of "any statement reflecting on the character ... of any officer or member ... or relating to matters of general interest to the membership, or resolutions to the International Convention, or requesting financial aid" without prior approval); Nix v. Fulton Lodge No. 2, Civ. No. 10463, 1972 U.S. Dist. LEXIS 13026, at *2-*3, *5-*9 (N.D. Ga. June 27, 1972) (provision banning "any false statement reflecting upon the private or public conduct, or falsely or maliciously attacking the character ... of any member or officer"), aff'd on other grounds, 479 F.2d 382 (5th Cir. 1973); see also Mallick v. International Bhd. of Elec. Workers, 644 F.2d 228, 231 n.1, 236 (3d. Cir. 1981) (remanding for consideration of declaratory and injunctive relief against provision prohibiting "[p]ublishing or circulating among the membership, or among [local unions] false reports or misrepresentations").

  The same result is warranted here. The language of section 199 is so broad that

> [A] reasonable [union member] might well refrain from taking full advantage of his rights.... [T]here is no definitive construction for the subjective terms .... Further, [the section] makes no attempt to relate the conduct it prohibits to the proviso in [§ 411(a)(2)]. It gives no indication to a member as to how he should accommodate his rights and obligations under the statute.

Semancik, 466 F.2d at 154. Contrary to the broad language of section 199, even false and outright libelous speech is generally protected from union disciplinary procedures under § 411(a)(2). Kowaleviocz v. Local 333 of the Int'l Longshoremen's Ass'n, 942 F.2d 285, 290 (4th Cir. 1991); Semancik, 466 F.2d at 153-54; Fulton Lodge No. 2 of the Int'l Ass'n of Machinists & Aeropsace Workers v. Nix, 415 F.2d 212, 217-19 (5th Cir. 1965); International Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers v. Rafferty, 348 F.2d 307, 312 (9th Cir. 1965); Salzhander v. Caputo, 316 F.2d 445, 450-51 (2d Cir. 1963).

### 2. Appropriate relief

The plaintiffs are entitled to a declaratory judgment that section 199 is of "no force or effect," 29 U.S.C. § 411(b), because it is inconsistent with union members' rights "to express any views, arguments, or opinions," id. § 411(a)(2). To counteract the chilling effect of the language, the defendants will also be enjoined from including the provision in future provisions of the union constitutions and ordered to publish a notice of the Court's decision in the United Association Journal.

However, because there is no evidence of any pending prosecutions under section 199, it appears unnecessary on this record to enjoin such activity. <u>Carothers v. Presser</u>, 818 F.2d 926, 931 (D.C. Cir. 1987) (after a court has made a particularized finding that a union rule violates a right specifically enumerated in § 411(a)(2), it should fashion a remedy tailored to the violation).

An appropriate order accompanies this memorandum.

                                                                            _____
                                                                                 JAMES ROBERTSON
                                                            United States District Judge

Dated: _March 6, 2002_

Copies to:

| | |
|---|---|
| Arthur L. Fox II<br>Lobel Novins & Lamont<br>1275 K Street, N.W.<br>Suite 770<br>Washington, DC 20005 | Sally M. Tedrow<br>Dinah S. Leventhal<br>O'Donoghue & O'Donoghue<br>4748 Wisconsin Avenue, N.W.<br>Washington, DC 20016 |
| <u>Counsel for Plaintiffs</u> | <u>Counsel for Defendants</u> |