UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES CALLIHAN, et al.,       :
                                :
        Plaintiffs,             :
                                :
    v.                          :   Civil Action No. 00-2988 (JR)
                                :
UNITED ASSOCIATION OF JOURNEYMEN :
AND APPRENTICES OF THE PLUMBING :
AND PIPE FITTING INDUSTRY, et   :
al.,                            :
                                :
        Defendants.             :

**FILED**

**AUG 1 3 2002**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM**

On March 6, 2002, I issued an order declaring Section 199 of the Constitution of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry inconsistent with 29 U.S.C. § 411(a)(2) and therefore invalid, together with a memorandum explaining that ruling. On March 14, 2002, I implemented that ruling with an order requiring the defendants to publish the March 6 memorandum and order in the *U.A. Journal* in no less than 11 point type under a specific heading in 22 point bold and to include a reference to the memorandum and order in the table of contents. The memorandum and order were printed in the June issue of the *U.A. Journal*, but without the heading or the reference in the table of contents. Plaintiff has moved to compel full compliance with the March 14 order.

The Union's position that it "substantially complied" with the March 14 order is rejected. The order very specifically required a heading, in boldface, 22 point type, and a reference in the table of contents. The Union will have to do it again, and do it correctly.

The parties' dispute about Section 199 of the U.A. Constitution was only one of two discrete disputes presented by the complaint in this case. The other one, which concerns the adequacy of the Union's compliance with section 105 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 415, is now ripe for decision, having been fully briefed by both parties on cross motions for summary judgment.

Prior to this lawsuit, the Union had promulgated the contents of the Landrum-Griffin Act to its membership only once in 42 years -- when it was first enacted. The plaintiff by his insistent demands has succeeded in achieving publication of a one-page summary of union member rights and officer responsibilities under the LMRDA in the *U.A. Journal* in March 2001; modification of the welcome letter distributed by U.A. locals to new members to include a summary of provisions of the Act; and Union agreement to republish the summary in the *U.A. Journal* again in 2004 and 2008. Not satisfied with those concessions, however, he prays for injunctive relief.

Section 105 of the Landrum-Griffin Act provides that "[e]very labor organization shall inform its members concerning the provisions of this chapter." Plaintiff insists that Union membership is not "informed" by periodic or obscure publications of the Act, or by the publication of a summary of the Act prepared by the United States Department of Labor. In the record of this case, plaintiff has adduced expert testimony (by affidavit) of a number of distinguished scholars, union leaders, union newspaper writers, and others for the proposition that union members are generally uninformed about the contents and the significance of the Landrum-Griffin Act, and even about its existence. The point of this expertise is clear and persuasive -- but it is not susceptible of a judicial remedy.

The Department of Labor has never issued regulations implementing § 105, and it is undisputed that the Department "neither possesses nor asserts the authority to direct labor unions to use any particular means in carrying out their statutory duty to 'inform.'" Def. Mem. at p. 7. The only legal (as distinct from scholarly and political) authority for plaintiff's position is found in the Fourth Circuit's decision in <u>Thomas v. Int'l Assoc. Machinists</u>, 201 F.3d 517 (2000). In that decision, the Fourth Circuit held that a one-time notification of members in 1959 by the International Association of Machinists "did not inform a large portion of those individuals who by

definition are 'members' of the union" today, id. at 519.  The Fourth Circuit did not say how today's union members were to be informed (although it did observe that the inclusion of some protections of the Landrum-Griffin Act in the union constitution and in a pamphlet was not satisfactory, because those IAM materials did not contain all of the Act's protections and virtually none of the rights listed by those documents were presented as requirements of federal law, id. at 521).  Instead, it remanded the case for the district court to fashion an appropriate remedy.  The district court's final order provided, essentially, that the Labor Department's summary, revised only to state that the full text of the Act is available elsewhere, is adequate information concerning the provisions of the LMRDA; that the summary is to be sent to new members of the IAM; that the summary is to be published in three issues of the IAM Journal, in 2001, 2004 and 2008; and that the summary is to be published continuously on the IAM's website.  Final order of 9/19/00, Afft. of Arthur L. Fox, Ex. B.

Except for website publication, which is a good idea and which common sense commends to every union having a website, those provisions are virtually identical to what will be done here under the agreement that plaintiff has extracted from the Union.  Nothing further is required to achieve compliance with the command of the statute.

An appropriate order accompanies this memorandum.

                                                                 JAMES ROBERTSON
                                           United States District Judge

Dated: August 12, 2002

Copies to:

| | |
|---|---|
| Arthur L. Fox II<br>Lobel Novins & Lamont<br>1275 K Street, N.W.<br>Suite 770<br>Washington, DC 20005<br><br><u>Counsel for Plaintiffs</u> | Sally M. Tedrow<br>Dinah S. Leventhal<br>O'Donoghue & O'Donoghue<br>4748 Wisconsin Avenue, N.W.<br>Washington, DC 20016<br><br><u>Counsel for Defendants</u> |